**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONNY JASON BAUER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-267** |
| **SHERIFF JOSEPH LOPINTO, <u>ET</u> <u>AL</u>.** | **SECTION: "S"(5)** |

<u>**PARTIAL REPORT AND RECOMMENDATION**</u>

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Tonny Jason Bauer, a pretrial detainee confined at the Jefferson Parish Correctional Center, against Defendants, Lindsey Grabert and Sheriff Joseph Lopinto.  Bauer alleges that Grabert erroneously had him charged with abuse of two children with the last name Brewer in May 2020.  He claims that he "has no clue who these people even are" and believes he is "being punished for something he didn't do as if I'm someone else."  (Rec. doc. 4, p. 4).  Essentially, he claims the false accusation against him led to his purported false arrest and imprisonment.  He requests release, monetary compensation for the nearly two years he has been in jail, plus full custody of his daughter reinstated.  (Rec. doc. 4, p. 5).

Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915.  (Rec. doc. 5).  A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that the claims against Lindsey

Grabert, who is not a state actor for purposes of liability under Section 1983, be dismissed with prejudice as frivolous and for failing to state a claim on which relief can be granted.[1]

A Section 1983 action is proper only against persons who acted under color of state law to deprive another of his constitutional rights.  42 U.S.C. §1983; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).   To state a claim under Section 1983, the alleged constitutional violation must be committed by a person acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).  "[T]he under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' "  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Thus, generally, a private individual does not act under color of state law and is not a state actor for purposes of liability under Section 1983.  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors ..."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same).  Indeed, it is well settled that "[a] private individual complainant in a criminal prosecution does not act under color of law." *Pleasant*, 1994 WL 261217, at *1 (citing *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)); *see also Melton v. Dermota*, No. 90-1530, 1991 WL 147490, at *7 (4th Cir. Aug. 6, 1991); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988); *Richard v. Houma Police Dept.*, No. 19-13281, 2020 WL 686165, at *3 (E.D. La. Jan. 23, 2020), *adopted* 2020 WL 638890 (E.D. La. Feb. 11, 2020); *Schwertz v. Millon*, No. 09-6813, 2009 WL 4757381, at *2 (E.D. La. Dec. 4,

---

[1] This partial report and recommendation addresses only the claims against one Defendant, Lindsey Grabert.  The claims against Sheriff Lopinto remain referred pending further development.

2009); *Hood v. Smith*, No. 10-4343, 2011 WL 378786, at *3 (E.D. La. Jan. 11, 2011), *adopted* 2011 WL 378780 (E.D. La. Feb. 2, 2011) (private individual complainant in a criminal prosecution not a state actor) (citing *Hoffman v. Ferguson*, No. 09-5052, 2009 WL 1606736, at *3 (W.D. Ark. Jun. 5, 2009); *Serbalik v. Gray*, 27 F. Supp.2d 127, 131-32 (N.D.N.Y. 1998); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)).

Furthermore, even if police relied on Grabert's purported false accusations to identify and charge Bauer with abuse of children, that does not make Grabert a state actor under Section 1983. *See Aples v. Administrators of Tulane Educ. Trust*, No. 20-2451, 2021 WL 1123560, at *8-9 (E.D. La. Mar. 24, 2021) (Vitter, J.); *Guillot v. Coastal Commerce Bank*, No. 10-2092, 2010 WL 4812959, at *3 (E.D. La. Nov. 19, 2010) (Zainey, J.) ("simply providing information to law enforcement, even false information, does not transform a private citizen into a state actor for purposes of § 1983"); *Pleasant*, 1994 WL 261217, at * 1 (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982)); *see also Melton*, 1991 WL 147490, at *7; *Daniel*, 839 F.2d at 1130; *Schwertz*, 2009 WL 4757381, at *2. Bauer has not alleged any grounds to show that Grabert acted under color of state law. *See e.g.*, *Ballard*, 413 F.3d at 518 (an exception for private actor liability can exist when "a private person is involved in a conspiracy or participates in joint activity with state actors.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private person/company not liable under §1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights). Accordingly, for the reasons expressed, Bauer's Section 1983 claims against Lindsey

Grabert should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Bauer's claims against Defendant, Lindsey Grabert, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e) as frivolous and otherwise for failure to state a claim for which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this ___16th___ day of _____March_____, 2022.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.